IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KIMBERLY A. DYE,               ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.                                ) | CIVIL ACTION NO. 5:13-CV-428 (MTT) |
| ) | |
| HARTFORD LIFE & ACCIDENT  ) | |
| COMPANY,                        ) | |
| ) | |
| Defendant.          ) | |
| ) | |

**ORDER**

This matter is before the Court on Defendant Hartford Life and Accident Insurance Company's[1] motion to dismiss (Doc. 6) and motion to strike the Plaintiff's jury demand (Doc. 7). For the following reasons, the motion to dismiss is **GRANTED** and the motion to strike is **DENIED as moot**.

**I. BACKGROUND**

On December 21, 2009, the Plaintiff filed this case in the State Court of Bibb County. (Docs. 1, ¶ 1; 1-3). For some reason, the Defendant was never served with the initial complaint. (Doc. 1, ¶ 2). The Plaintiff then filed an amended complaint on September 17, 2013, and the Defendant was served with the amended complaint on October 15, 2013. (Docs. 1, ¶¶ 3, 4; 1-4 through 1-6). On November 14, 2013, the Defendant removed the case on the basis that the Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

---

[1] The Defendant contends it was incorrectly named as Hartford Life & Accident Company in the complaint.

The Plaintiff seeks benefits under "a long term disability insurance policy, Policy Number GLT 674187, issued to [her] former employer, Child Health Corporation of America, where [she] worked as a registered nurse." (Doc. 1-4, ¶ 3). The Defendant issued the policy to Child Health Corporation of America to fund employee benefit plans of participant employers. (Doc. 6-2 at 2-3). "Booklet-certificates" issued to the employees of participant employers are part of the policy. (Doc. 6-2 at 4-5). These booklet-certificates control the benefit plan provisions, eligibility and effective date of insurance rules, termination of insurance rules, exclusions, other general policy provisions pertaining to state insurance law requirements, and schedules of insurance for short term and long term disability insurance benefits. (Doc. 6-2 at 4-5). The group long term disability benefits plan for Children's Healthcare of Atlanta employees is one of these booklet-certificates and it, along with the policy itself, contains the terms of the group insurance policy that affects the Plaintiff's insurance.[2] (Doc. 6-3 at 2-5).

In 2003, the Plaintiff became "disabled" under the policy definition. (Doc. 1-4, ¶ 4). She received long term disability benefits in the form of payments from December 15, 2003 through January 31, 2006. (Doc. 1-4, ¶ 4). On January 31, 2006, the

---

[2] The Plaintiff lists her employer as Child Health Corporation of America (the policyholder) as opposed to Children's Healthcare of Atlanta (the participant employer). The Court suspects this is due to the policy's statement that "[a]n employee of a Participant Employer will be deemed to be an employee of the Policyholder for insurance purposes." (Doc. 6-2 at 3). According to the policy, most of the terms applicable to an employee are contained in booklet-certificates. Because the Plaintiff has not disputed that the booklet-certificate for Children's Healthcare of Atlanta's group long term disability benefits plan is the one containing the terms of the group insurance policy applicable to her and because the policy as a whole is central to the Plaintiff's claims, the Court considers this booklet-certificate in ruling on the Defendant's motion. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (noting courts may consider document attached to a motion to dismiss without converting it to a motion for summary judgment if it is central to plaintiff's claim and its authenticity is not challenged).

Defendant terminated her benefits because it determined she was no longer disabled.[3] (Doc. 1-4, ¶ 5). The Defendant sent the Plaintiff a letter dated January 30, 2006 explaining that the definition of "disabled" under the policy had changed and that she was not considered disabled under the new definition. (Doc. 1-4, ¶ 5). The Plaintiff contends her benefits were erroneously terminated and claims she "is and was disabled under the new definition, as well as the old definition … ." (Doc. 1-4, ¶ 6). She claims the Defendant "intentionally deceived [her] by attempting to alter the terms of the insurance policy and using said alteration as a basis" for terminating her benefits. (Doc. 1-4, ¶ 10).

The Plaintiff alleges claims for breach of contract and fraud based on the Defendant's termination of her long term disability benefits. (Doc. 1-4, ¶¶ 7-10). Though not listed as a separate claim, the Plaintiff also alleges the Defendant acted in "bad faith," entitling her to additional damages. (Doc. 1-4, ¶ 12).[4] The Defendant moves to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that it alleges only state law claims that are preempted by ERISA.[5] The Plaintiff has not responded to the Defendant's motion. Nor has the Plaintiff moved to amend her complaint or asked the Court to construe her state law claims as an ERISA claim.

---

[3] Given that the Defendant terminated the Plaintiff's benefits in 2006 and the Defendant was not served until 2013, the Plaintiff's claims, whatever they may be, may well be barred by the statute of limitations.

[4] The complaint also mysteriously states that "[b]ased on information and belief, there exist other individuals who are similarly situated with Plaintiff." (Doc. 1-4, ¶ 11). But the complaint is not styled as a class action and contains no class allegations.

[5] The Defendant alternatively contends that to the extent the Plaintiff's complaint can be construed as asserting an ERISA claim, it fails to state a claim because it does not allege exhaustion of administrative remedies. The Court does not address this argument because the Defendant's brief is devoted solely to its preemption argument.

## II. DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Subject Matter Jurisdiction

Because the basis for removal is ERISA's complete preemption of the Plaintiff's state law claims, the Court determines whether it has subject matter jurisdiction over the case before turning to the Defendant's motion.[6] Both the jurisdictional inquiry and the motion to dismiss involve ERISA's preemption of the Plaintiff's state law claims. ERISA gives rise to both complete preemption and conflict preemption. *Conn. State Dental*

---

[6] This case is somewhat unusual because the Plaintiff has not moved to remand the case, nor has the Plaintiff recast her complaint to actually assert ERISA claims. The Plaintiff has filed nothing at all since removal.

*Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Complete preemption determines whether the Court has jurisdiction over the case. *Id.* at 1344. Conflict or defensive preemption is an affirmative defense that arises from ERISA's express preemption provision[7] but does not provide a basis for removal. *Id.* Because complete preemption is narrower, a state law claim may be defensively preempted but not completely preempted. *Id.* (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1282 (11th Cir. 2005)).

Federal question jurisdiction under 28 U.S.C. § 1331 is normally determined at the time of removal by looking at the face of the plaintiff's well-pleaded complaint. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). However, § 502(a) of ERISA[8] creates an exception to the well-pleaded complaint rule and "'converts an ordinary state common law complaint into one stating a federal claim.'" *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). "Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA." *Ehlen Floor Covering*, 660 F.3d at 1287. The test for determining whether complete preemption exists is: "(1) whether the plaintiff could have brought [her] claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Conn. State Dental Ass'n*, 591 F.3d at 1345. For the first factor,

---

[7] *See infra* Part II.C.

[8] Section 502(a) is codified at 29 U.S.C. § 1132(a).

"(1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Id.* at 1350.[9]

### 1. Could the Plaintiff have brought her claim under ERISA?

A participant or beneficiary may bring an action to recover benefits due under an ERISA plan, enforce her rights, or clarify her right to future benefits. 29 U.S.C. § 1132(a)(1)(B). For purposes of ERISA, an "employee benefit plan" or "plan" means an "employee welfare benefit plan," an "employee pension benefit plan," or a plan which is both. 29 U.S.C. § 1002(3).

An employee welfare benefit plan is statutorily defined as: (1) any plan, fund or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits; (5) to participants or their beneficiaries. *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982) (citing 29 U.S.C. § 1002(1)). An employer is deemed to have "established or maintained" such a plan if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* at 1373.

---

[9] The Eleventh Circuit previously applied a four-part test for complete preemption: "(1) 'there must be a relevant ERISA plan,' (2) 'the plaintiff must have standing to sue under that plan,' (3) 'the defendant must be an ERISA entity,' and (4) 'the complaint must seek compensatory relief akin to that available under § [502(a)]; often this will be a claim for benefits due under a plan.'" *Conn. State Dental Ass'n*, 591 F.3d at 1344 (quoting *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999)). In *Connecticut State Dental Ass'n*, the court departed from this test, construing the Supreme Court's decision in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) as establishing the two-part inquiry above. *Id.* at 1345; *see also Borrero*, 610 F.3d at 1301. The Eleventh Circuit noted, "*Davila* refines *Butero* by inquiring about the existence of a separate legal duty, which is not a consideration under *Butero*." *Conn. State Dental Ass'n*, 591 F.3d at 1345. In a recent case from the Southern District of Georgia, the court considered the four *Butero* requirements when examining the first *Davila* factor: whether the plaintiff could have brought his claim under § 1132(a). *Gowen v. Assurity Life Ins. Co.*, 2013 WL 1192580, *3 (S.D. Ga.). The court then turned to the second *Davila* factor. *Id.* at *6. This Court agrees that, while the two-step inquiry adopted in *Connecticut State Dental Ass'n* is the correct test for determining complete preemption, the first factor necessarily encompasses the four *Butero* requirements.

The plan at issue in this case meets all five requirements. The Plaintiff alleges she was insured under a long term disability insurance policy issued to her former employer by the Defendant. A review of the plan documents shows that the insurance policy funded a plan sponsored by Children's Healthcare of Atlanta to provide its eligible employees with long term disability benefits. The plan describes the qualification for benefits, as well as the claim and appeal procedures. Thus, a reasonable person can ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.

The Defendant is also an ERISA entity. "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir. 1996). This includes an entity that controls the payment of benefits and the determination of rights under an ERISA plan. *Butero*, 174 F.3d at 1213. According to the terms of the plan, the Defendant has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." (Doc. 6-3 at 23).

Further, the Plaintiff clearly seeks the type of recovery ERISA allows. She alleges the Defendant wrongfully terminated her long term disability benefits due under the plan and seeks to recover past and future benefits. (Doc. 1-4, ¶ 8) ("As a result of Defendant's breach, Plaintiff has suffered monetary damages in an amount equal to the monthly benefits that she should have received from January 31, 2006 to present, as well as in the future.").

Finally, as an employee potentially eligible to receive benefits under the plan, the Plaintiff has standing to assert this claim. *See Engelhardt v. Paul Revere Life Ins. Co.*,

139 F.3d 1346, 1351 (11th Cir. 1998) ("It is undisputed that Paul Revere's group policy was an ERISA plan, that the policy provided benefits to eligible employees of participating employers, that Montgomery Orthopaedic was a participating employer, and that Engelhardt was an eligible employee designated to receive benefits under the policy. Further, Engelhardt's claim for benefits under the policy confirms his status as a plan beneficiary. Based on these facts, Engelhardt falls within ERISA's definition of 'beneficiary.'").[10]  Thus, the Plaintiff could have brought her claim under § 1132(a).

### 2. Does any other legal duty support the Plaintiff's claim?

For the second factor, the relevant inquiry is whether the Plaintiff's claim violates legal duties that arise independently of ERISA.  In *Davila*, the Supreme Court held that claims under the Texas Health Care Liability Act were not premised on duties independent of ERISA because "interpretation of the terms of respondents' benefit plans forms an essential part of their THCLA claims, and THCLA liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans."  542 U.S. at 213.  Similarly, in *Borrero* the Eleventh Circuit concluded that even though the appellants' contractual duties were defined by state law, "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans."  610 F.3d at 1304.

In the present case, the Plaintiff's breach of contract claim, based on her contention that the Defendant erroneously concluded she no longer fell under the definition of "disabled" in her group long term disability insurance policy, necessarily requires inquiry into the content of an ERISA plan.  Thus, it is not premised on legal

---

[10] "Beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

-8-

duties independent of that plan. The Plaintiff's breach of contract claim is completely preempted by ERISA, and this Court has jurisdiction. For jurisdictional purposes, the Court need not determine whether the Plaintiff's state law fraud and bad faith claims are completely preempted. *See Conn. State Dental Ass'n*, 591 F.3d at 1353 ("[W]here removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim.").

### C. Dismissal of the Plaintiff's Claims

Though the Court has re-characterized the Plaintiff's state law claims to determine subject matter jurisdiction exists, the Plaintiff has never amended her complaint to actually assert ERISA claims. In its motion to dismiss, the Defendant contends the Plaintiff's state law claims should be dismissed because they are preempted by ERISA. Unlike determining whether the Court has jurisdiction, the Defendant's argument implicates ERISA's express preemption provision:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The "saving clause" provides an exception for state laws regulating insurance, banking, or securities. 29 U.S.C. § 1144(b)(2)(A); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987). The "deemer clause" provides that state laws purporting to regulate insurance cannot deem an employee benefit plan to be an insurance company. 29 U.S.C. § 1144(b)(2)(B); *Pilot Life*, 481 U.S. at 45. Thus, a state law claim that "relates to" an ERISA plan is preempted unless it falls under the exception in § 1144(b)(2)(A).

"Whether a claim relates to a plan and is thereby preempted by ERISA is ultimately a question of congressional intent." *Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006).  However, ERISA preemption is broad and applies "well beyond those subjects covered by ERISA itself." *Id.*  "A state law relates to a covered employee benefit plan if it has a connection with or reference to such a plan." *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (internal quotation marks and citation omitted).  But ERISA preemption is not without limitation, and the Court must "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1331 (11th Cir. 2014) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001)) (internal quotation marks omitted).  The Eleventh Circuit has held that a state law claim "relates to" an ERISA plan "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (citation omitted).

As to the Plaintiff's breach of contract claim, the Court has already found it completely preempted by ERISA.  Though complete preemption for determining subject matter jurisdiction is a different inquiry than defensive preemption, they usually coexist. *Cotton*, 402 F.3d at 1281 n.14.[11]   Because the Plaintiff seeks to recover benefits she alleges are due under the terms of the plan, her breach of contract claim necessarily "relates to" an ERISA plan and thus is also defensively preempted. *See Swerhun v.*

---

[11] Of course, in cases where a statutory exception applies pursuant to § 1144(a)(2), a state law claim may be completely preempted for purposes of determining jurisdiction, but the express preemption provision would not apply.  *See Ervast v. Flexible Prods., Co.*, 346 F.3d 1007, 1013 n.7 (11th Cir. 2003).  However, this is not such a case.

*Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992) ("We have consistently held that ERISA preempts state law breach of contract claims."); *Williams v. Wright*, 927 F.2d 1540, 1549-50 (11th Cir. 1991) ("With regard to state law breach of contract claims specifically, this court and others have unanimously held that such claims are preempted by ERISA.").

The Plaintiff's fraud and bad faith claims are also defensively preempted by ERISA. The basis of the Plaintiff's fraud claim is that the "Defendant intentionally deceived [her] by attempting to alter the terms of the insurance policy and using said alteration as a basis to terminate her long term disability benefits." (Doc. 1-4, ¶ 10). To the extent she asserts a separate claim of bad faith, it is based on the "Defendant's conduct described herein, and anticipated course of action in stubbornly refus[ing] to award benefits and contest this action." (Doc. 1-4, ¶ 12). Clearly, both of these claims are intertwined with the Defendant's denial of benefits under an ERISA plan. *See Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1297 (11th Cir. 2001) (holding Alabama's tort of bad faith refusal to pay insurance benefits was preempted); *Variety Children's Hosp.*, 57 F.3d at 1042 ("[W]here state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system.").

Having determined that all of the Plaintiff's claims "relate to" an ERISA plan, the Court must determine whether an exception applies. A state law "regulates insurance" within the meaning of § 1144(b)(2)(A) if it meets two requirements: "First, the state law must be specifically directed toward entities engaged in insurance. … Second … the state law must substantially affect the risk pooling arrangement between the insurer and

the insured." *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003) (internal citations omitted).[12] Plainly, the Plaintiff's breach of contract and fraud claims are not based on state laws specifically directed toward the insurance industry.

The Plaintiff's bad faith claim, on the other hand, likely is. Presumably, though the complaint does not specify, the Plaintiff is suing pursuant to O.C.G.A. § 33-4-6, which provides for liability of an insurer for damages and attorney's fees on bad faith refusal to pay claims. *See Adams v. Unum Life Ins. Co. of Am.*, 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007) ("Georgia case law … clearly establishes that O.C.G.A. § 33-4-6 is the exclusive remedy for an insurer's bad faith refusal to pay insurance proceeds, and that claims for attorney's fees and litigation expenses under other Georgia statutes are not authorized."). This statute is unquestionably directed toward the insurance industry. However, it does not affect the risk pooling arrangement between the insurer and the insured because it imposes liability for bad faith refusal to pay claims that are covered by an already existing insurance policy. The Court therefore finds, consistent with other courts in this circuit, that O.C.G.A. § 33-4-6 is expressly preempted by ERISA.[13]  *See Burden v. Reliastar Life Ins. Co.*, 2014 WL 26090, *9 (N.D. Ga.); *Miller v. Hartford Life and Accident Ins. Co.*, 2007 WL 1287694, *4 (M.D. Ga.); *Salter v. Cont'l Cas. Co.*, 2004 WL 5573421, *4-*5 (M.D. Ga.); *Cockey v. Life Ins. Co. of N. Am.*, 804 F. Supp. 1571, 1576 (S.D. Ga. 1992).

---

[12] In this case the Supreme Court departed from its prior approach of also looking to case law interpreting the McCarran-Ferguson Act when considering whether a state law regulates insurance within the meaning of § 1144(b)(2)(A). *Miller*, 538 U.S. at 339-42.

[13] This is also consistent with the Eleventh Circuit's pre-*Miller* decision in *Gilbert* finding a similar Alabama statute did not regulate insurance and thus was preempted by ERISA. *Gilbert*, 276 F.3d at 1297 & n.7. The statute provides: "No insurer shall, without just cause, refuse to pay or settle claims arising under coverages provided by its policies in this state and with such frequency as to indicate a general business practice in this state … ." Ala. Code § 27-12-24.

The Court concludes all of the Plaintiff's claims are preempted by ERISA. The ultimate inquiry is whether the Plaintiff must bring her claims pursuant to ERISA or not at all. Here, the Plaintiff has chosen to limit her complaint to state law claims, despite the Defendant's removal to federal court based on ERISA preemption. Her counsel has not contested removal nor sought to amend the complaint. Thus, the claims must be dismissed. *Cf. Pilot Life*, 481 U.S. at 52-54 (noting Congress intended ERISA's civil enforcement scheme to be exclusive).

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (Doc. 6) is **GRANTED** and its motion to strike the Plaintiff's jury demand (Doc. 7) is **DENIED as moot**.

**SO ORDERED**, this 8th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT